UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VERONICA DEGUZMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | Civil Action No: SA-10-CA-951-XR |
| ) | [Crim. Action No. SA-08-403(2)-XR] |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER ACCEPTING UNITED STATES**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation this case, filed December 20, 2010 (Docket Entry No. 79) and Petitioner's objections thereto (Docket Entry No. 83). After careful consideration, the Court will accept the recommendation and dismiss this case.

**Background**

DeGuzman pleaded guilty and was convicted of financial institution fraud under 18 U.S.C. § 1344 and aggravated identity theft under 18 U.S.C. § 1028A(a)(1), and sentenced to 51 months and 24 months to be served consecutively.[1] The judgment was entered on March 2, 2009.[2] She filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2241 in the Northern District of Texas, where she was incarcerated.[3] That Court found that her claims must be brought under 28 U.S.C. § 2255

---

[1] Judgment and Commitment, Mar. 2, 2009 (Docket Entry No. 60).

[2] *Id.*

[3] Petition for Writ of Habeas Corpus, Sep. 22, 2010 (Docket Entry No. 76).

1

and transferred the case to the Western District of Texas, where she was sentenced.[4]  Magistrate Judge Primomo issued a Report and Recommendation on December 20, 2010, and DeGuzman filed objections on January 10, 2011 (Docket Entry No. 83).

## Legal Standard

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).   In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

## Magistrate Judge's Report and Recommendation

DeGuzman's petition argues that she is actually innocent of financial institution fraud in light of three recent U.S. Supreme Court decisions: *Skilling v. United States*, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), *Black v. United States,* 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010), and *Weyrauch v. United*

---

[4]Order, Nov. 22, 2010 (Docket Entry No. 76).

*States*, 130 S.Ct. 2971, 177 L.Ed.2d 705 (2010).[5] In *Skilling*, the Court held that, for purposes of 28 U.S.C. §§ 1341 and 1343, the term "scheme or artifice to defraud" in 28 U.S.C. § 1346 (the "honest services" provision) applies only to bribes and kickbacks. *Skilling*, 130 S.Ct. at 2931.

Magistrate Judge Primomo's report and recommendation concluded that DeGuzman's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was barred by the AEDPA one year statute of limitations.[6] He found that the limitations period was triggered when the judgment became final on March 12, 2009, and thus expired on March 12, 2010.[7] DeGuzman's petition was not executed in the Northern District of Texas until September 15, 2010,[8] roughly six months after the expiration of the one year statute of limitations. Judge Primomo further concluded that DeGuzman's claim of actual innocence does not preclude dismissal of a § 2255 petition as untimely.[9] *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171. He also concluded that the Supreme Court's decision in *Skilling* does not apply to § 1344, and therefore played no part in her conviction.[10] Finally, he concluded DeGuzman did not meet the "savings clause" factors of § 2255 so as to allow her to file a § 2241 petition, because the Supreme Court did not announce that the *Skilling* decision is

---

[5]Petition.

[6]Memorandum and Recommendation 3, Dec. 20, 2010 (Docket Entry No. 79).

[7]*Id.* at 3.

[8]Petition at 6.

[9]Memorandum and Recommendation at 3-4.

[10]*Id.* at 4.

retroactively applicable, and as previously noted, *Skilling* did not apply to her conviction.[11] *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *see also Thompson v. Keffer*, 2011 WL 336367, at *2 (N.D. Tex. Jan. 3, 2011); *United States v. Crawley*, 2010 WL 4393970, at *10 n. 7 (S.D. Tex. Oct. 29, 2010). Judge Primomo also recommended that a certificate of appealability be denied because jurists of reason would not debate the ruling that the § 2255 petition is time-barred.

## Objections and Analysis

Petitioner objects on the basis that she satisfies the requirements of the § 2255 "savings clause," and thus is permitted to bring file a petition pursuant to § 2241 despite falling outside of the AEDPA one-year statute of limitations. Section 2255(e), known as the "savings clause," permits an otherwise time-barred petitioner to file a § 2241 petition if (1) she raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in trial, appeal, or a first § 2255 motion, and (3) the retroactively applicable decision establishes that she may have been convicted of a nonexistent offense. *Garland*, 615 F.3d at 394.

DeGuzman argues that *Skilling* is retroactively applicable, because it is an interpretation of a substantive criminal statute, not merely a procedural rule.[12] She relies on the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998). In *Bousley*, the Court declined to apply *Teague* to preclude a habeas petitioner from challenging the constitutional validity of his guilty plea by arguing that the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), interpreting the meaning of use of a firearm under 18 U.S.C. § 924(c)(1).

---

[11]*Id.* at 4-5.

[12]Objections at 3.

*Bousley*, 523 U.S. at 620-21. She argues that, because *Skilling* clarified the meaning of a substantive criminal statute passed by Congress, *Teague*'s non-retroactivity doctrine does not apply.[13]

DeGuzman correctly identifies that *Teague* does not apply to bar retroactive application of "substantive, non-constitutional decision[s] concerning the reach of a federal statute," and may apply retroactively to cases on collateral review. *Garland*, 615 F.3d at 393 (quoting *United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997)). A decision is "substantive," "non-constitutional," and concerns "the reach of a federal statute" if it "articulates the substantive elements that the government must prove to convict a person charged under the statute." *Id.* Such a decision "explains what conduct is, and has always been, criminalized by the statute" and thus applies retroactively. *Id. Skilling*, narrows the reach of a federal statute by striking down potential interpretations based on constitutional grounds. *Skilling*, 130 S.Ct. at 2930-31. The Supreme Court seems to have indicated that it is intended to apply retroactively, by granting IFP, granting a writ of certiorari, and vacating and remanding several judgments based on the honest services provision in light of the decision in *Skilling*. *See e.g.*, *Hargrove v. United States*, 130 S.Ct. 3543, 177 L.Ed. 1120 (Jun. 29, 2010) (No. 09-929)*; Redzic v. United States*, 130 S.Ct. 3543, 177 L.Ed.2d 1121 (Jun. 29, 2010) (No. 09-7560).

Nonetheless, DeGuzman does not fall under the savings clause because the *Skilling* holding does not establish her "actual innocence" under 18 U.S.C. § 1344.[14] *Skilling* held that

---

[13]*Id.* at 2.

[14]*Id.*

the "honest services" provision of 18 U.S.C. § 1346[15] criminalizes only bribe and kickback schemes. *Skilling*, 130 S.Ct. at 2931. In response to Judge Primomo's conclusion that the honest services provision was not at issue in her conviction, DeGuzman argues that she was not charged with a violation of 18 U.S.C. § 1346 because it does not create a separate offense, but merely defines "scheme or artifice to defraud" for purposes of the fraud statutes.[16] She appears to argue that, because 18 U.S.C. § 1344 criminalizes "a scheme or artifice to defraud a financial institution" the *Skilling* holding also applies to the reach of 18 U.S.C. § 1344. In doing so, DeGuzman seems to view the honest services provision of 18 U.S.C. § 1346 as interchangeable with all references to "scheme or artifice to defraud" in the fraud statute. Section 1346, however, only states that a "scheme or artifice to deprive another of the intangible right of honest services" is *included* in the definition "scheme or artifice to defraud." The honest services provision is therefore not the only way commit a scheme or artifice to defraud. *Skilling* expressly applies only to the honest services provision, holding that in the context of honest services, only a bribe or kickback constitutes a "scheme or artifice to defraud." *Skilling*, 130 S.Ct. at 2930-31. This limitation is not extended to any other "scheme or artifice to defraud" criminalized by the fraud statutes.

The honest services provision was not the basis of DeGuzman's conviction.[17] The fraud

---

[15]"For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

[16]*Id.* at 4.

[17]*See* Indictment, *United States v. Fred DeGuzman and Veronica DeGuzman*, June 18, 2008, Case No. SA-CR-403-XR (Docket Entry No. 1).

count to which she plead guilty detailed a scheme that did not involve depriving any individual of honest services, and thus does not implicate the honest services provision.[18] Furthermore, the charge specified that DeGuzman received kickbacks in connection with this scheme,[19] so even if the honest services provision applied, her conviction would not be in conflict with *Skilling*. Accordingly, even if *Skilling* is retroactively applicable, it does not apply to DeGuzman's conviction, and the savings clause does not permit her to file a § 2241 petition.

## Conclusion

DeGuzman's petition for a writ of habeas corpus is barred by AEDPA's one year statute of limitations on § 2255 habeas petitions. Furthermore, the savings clause of § 2255(e) does not permit her to file a § 2241 habeas petition. Accordingly, this Court ACCEPTS the Magistrate Judge's Report and Recommendation and DENIES DeGuzman's motion to vacate sentence. The Court also DENIES a certificate of appealability.

It is so ORDERED.

SIGNED this 24th day of February, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[18] *Id.* at 2.

[19] *Id.*